IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHAN GENE KRAMBEER,

            Plaintiff,

v.                                                                                    OPINION and ORDER

COLIN HIRSCH, DYLANN RAUCH,                                   23-cv-781-jdp
ANTONIO RICHARDSON, and RYAN MARRO,

           Defendants.[1]

---

This case arises out of a fentanyl overdose by plaintiff Nathan Gene Krambeer, who is proceeding without counsel. Krambeer is suing four Beloit police officers for the way they responded to the incident. I allowed Krambeer to proceed on claims that defendants used excessive force in violation of the Fourth Amendment and acted negligently by removing a cast from his finger and using a flashlight to perform a sternum rub while he was unconscious.

Defendants move for summary judgment on all claims. Dkt. 29. The only document that Krambeer filed in opposition was a response to defendants' proposed findings of fact. He did not file a brief or any evidence to support his claim. But even if I treat Krambeer's responses as if they were part of a sworn declaration, the undisputed facts show that defendants are entitled to summary judgement on each of Krambeer's claims.

Krambeer's Fourth Amendment claims fail on the merits. Video evidence shows clearly that Krambeer was not wearing a cast when defendants encountered him, so they could not have removed the cast. The sternum rubs were a good-faith attempt to provoke a response from

---

[1] I have amended the caption to identify the full names of each defendant, as reflected in defendants' summary judgment submissions.

Krambeer, who was not moving and did not appear to be breathing. No clearly established law shows that defendants acted unreasonably in this emergency situation. As for Krambeer's state-law claims, Krambeer failed to comply with the procedural requirements necessary to bring those claims.

ANALYSIS

Defendants seek summary judgment on Krambeer's federal and state claims. As for the Fourth Amendment claims, defendants assert the following grounds: (1) Dylann Rauch and Antonio Richardson were not personally involved in the alleged conduct; (2) no officer seized Krambeer within the meaning of the Fourth Amendment while he was unconscious; (3) none of the defendants removed Krambeer's cast; (4) the sternum rub was reasonable; and (5) defendants are entitled to qualified immunity.

As for the negligence claim, defendants say that: (1) Krambeer did not comply with the notice requirements in Wis. Stat. § 893.80(1d); (2) some of the defendants could not have been negligent because they were not present; and (3) defendants have immunity because the alleged conduct was discretionary.

The question on a motion for summary judgment is whether there are any genuine factual disputes that could make a difference to the outcome of the case, or, stated another way, whether a reasonable jury could find for the nonmoving party, after drawing all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Loudermilk v. Best Pallet Co., LLC,* 636 F.3d 312, 314–15 (7th Cir. 2011); *Montgomery v. American Airlines, Inc.,* 626 F.3d 382, 389 (7th Cir. 2010). It is not necessary to consider all of defendants'

arguments, but the court concludes that each defendant is entitled to summary judgment on each claim on at least one ground.

Some of defendants' arguments are undisputed. For example, Krambeer admits that Rauch's only interaction with him was transporting him to the jail after being discharged from the hospital and that Richardson had no interaction with him. Dkt. 45, ¶¶ 84, 86. Neither defendant was present or otherwise involved in the challenged conduct, so I will dismiss the claims against those two defendants.[2]

It is also undisputed that Krambeer did not give defendants or the city of Beloit notice of his negligence claims before filing this lawsuit. Under Wis. Stat. § 893.80(1d), a plaintiff must do two things before suing a city police officer under state law for conduct the officer performed on the job: (1) file a "written notice of the circumstances" of his claim with the defendants and the city; and (2) provide the city with his address and "itemized statement of relief sought." Krambeer did not comply with either of these requirements or otherwise provide notice of his claims, *see* Dkt. 45, ¶¶ 92–103, so I must dismiss the state-law claims. *See Stabenow v. City of Eau Claire*, 546 F. Supp. 3d 787, 803 (W.D. Wis. 2021); *Snopek v. Lakeland Med. Ctr.*, 223 Wis. 2d 288, 301, 588 N.W.2d 19 (1999).

As for Krambeer's Fourth Amendment claims against Colin Hirsch and Ryan Marro, Krambeer alleged in his complaint that Hirsch removed his finger cast and then used his flashlight to perform a sternum rub while Krambeer was unconscious and that other officers

---

[2] In his responses to defendants' proposed findings of fact, Krambeer accuses Richardson of conducting an illegal search of the carwash where Krambeer had overdosed. Dkt 45, ¶ 83. But Krambeer did not assert such a claim in his complaint, and it is too late to do so now. *See Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 490 (7th Cir. 2023). In any event, Krambeer does not explain why he believes the search was illegal, so he forfeited that claim.

such as Marro failed to intervene. Krambeer's claim that Hirsch removed his cast is contradicted by Hirsch's body camera, which shows that Krambeer was not wearing a cast when Hirsch first approached Krambeer. Dkt. 33-1, at 1:01–1:17. When video evidence clearly discredits the plaintiff's allegations, there is no genuine factual dispute, and the defendant is entitled to summary judgment. *See Scott v. Harris*, 550 U.S. 372, 380–81 (2007); *Pryor v. Corrigan*, 124 F.4th 475, 483–84 (7th Cir. 2024).

This leaves Krambeer's claim that Hirsch used excessive force in violation of the Fourth Amendment by conducting a sternum rub on Krambeer with a flashlight and that Marro failed to stop Hirsch. I will assume that Krambeer was seized within the meaning of the Fourth Amendment during the sternum rub, but the claim nevertheless fails on the merits.

When Hirsch first encountered Krambeer, a witness at the scene told Hirsch that Krambeer was overdosing. Dkt. 45, ¶ 26. Krambeer was motionless and unresponsive. *Id.*, ¶ 27. He had a pulse but was not breathing. *Id.*, ¶ 30. After contacting dispatch and requesting emergency medical services, Hirsch used his knuckles to perform a sternum rub on Krambeer while calling his name. *Id.*, ¶ 33.[3] When Krambeer remained unresponsive after repeated attempts, Hirsch used his flashlight to perform a sternum rub, and that produced a pain response from Krambeer, so Hirsch repeated this action, along with calling Krambeer's name and tapping his cheek, until the paramedics arrived a few minutes later. *Id.*, ¶¶ 38, 48, 51, 53.

An officer's use of force is excessive under the Fourth Amendment if the officer uses greater force than was reasonably necessary in light of all the circumstances known to the officer. *Becker v. Elfreich*, 821 F.3d 920, 925 (7th Cir. 2016); *Williams v. Indiana State Police*

---

[3] A sternum rub is "a painful stimulus administered to an unresponsive subject's chest to invoke a reaction." *Day v. Wooten*, 947 F.3d 453, 457 (7th Cir. 2020).

*Dept.*, 797 F.3d 468, 472–73 (7th Cir. 2015). In this case, Hirsch was trying to rouse Krambeer after learning that he was suffering from a drug overdose. Less aggressive methods such as calling Krambeer's name and rubbing Hirsch's knuckles on Krambeer's chest were not effective, so Hirsch used his flashlight, which *did* elicit a pain response as intended. The Court of Appeals for the Seventh Circuit has recognized sternum rubs as an appropriate response to an unresponsive subject. *See Snukis v. Taylor*, 145 F.4th 734, 742 (7th Cir. 2025). It is true that sternum rubs are generally performed using knuckles, not a flashlight. But Hirsch had tried to use his knuckles, and that was not effective. Hirsch was facing an emergency, and he needed to make a quick judgment about how to respond. Officers are entitled to some leeway in that type of situation. *Williams v. Indiana State Police Dep't*, 797 F.3d 468, 473 (7th Cir. 2015); *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010).

Krambeer says that Hirsch should have provided CPR or mouth-to-mouth resuscitation instead of conducting the sternum rub, but that argument fails for multiple reasons. First, Krambeer did not raise such a claim in his complaint, and I did not allow him to proceed on a claim for failing to provide medical care. I will not allow Krambeer to assert a new claim at the summary judgment stage. *See Schmees*, 77 F.4th at 490.

Second, Krambeer cites no evidence to support a claim that Hirsch or Marro should have provided a different kind of medical assistance. He refers generally to a "training protocol" of the American Red Cross and the Substance Abuse and Mental Health Services Administration, but he did not submit those protocols or any other evidence.

Third, even if I assume that CPR or mouth-to-mouth resuscitation would have been an appropriate response, neither side has submitted any evidence regarding whether Hirsch or Marro were trained on conducting either technique. An officer is not required to provide

5

treatment he is not trained to provide. *See Mathison v. Moats*, 812 F.3d 594, 597–98 (7th Cir. 2016); *Dobbey v. Mitchell Lawshea*, 806 F.3d 938, 941 (7th Cir. 2015).

Fourth, it is undisputed that Hirsch contacted emergency services immediately upon observing Krambeer lying on the floor. Dkt. 45, ¶ 28. The reasonableness inquiry under the Fourth Amendment "takes into account the sufficiency of the steps the officers did take." *Florek v. Village of Mundelein*, 649 F.3d 594, 600 (7th Cir. 2011). Conducting sternum rubs and calling an ambulance is what the officers did in *Snukis*, and the court held that was reasonable when a suspect became unresponsive. 145 F.4th at 742. This supports a conclusion that defendants' conduct was also reasonable.

Fifth, even if *Snukis* is distinguishable, defendants raised a qualified immunity defense, which means that they cannot be held liable unless they violated clearly established law. *Johnson v. Rogers*, 944 F.3d 966, 968–69 (7th Cir. 2019). At the least, *Snukis* shows that Hirsch and Marro's conduct was not clearly unlawful.

Sixth, and finally, Krambeer does not identify any harm he suffered because Hirsch and Marro failed to give him CPR or mouth-to-mouth resuscitation. All plaintiffs suing for constitutional violations must show harm, *see Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019), so that is reason alone to dismiss this claim.

All of Krambeer's claims either fail on the merits or are barred for procedural reasons. I will grant defendants' motion for summary judgment.

ORDER

IT IS ORDERED that defendants' motion for summary judgment, Dkt. 29, is GRANTED. The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered September 3, 2025.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge